# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2007**

Charles R. Fulbruge III
Clerk

No. 06-31301
Summary Calendar

DOUGLAS ROBERTSON

Petitioner-Appellant

v.

STATE OF LOUISIANA

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-585

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Douglas Robertson, currently Louisiana prisoner # 91333, attempted to remove his state-court criminal bank robbery proceedings to federal court pursuant to 28 U.S.C. § 1443. He appeals the district court's remand of the case to state court. Because Robertson did not file a state habeas petition, his motion for a certificate of appealability is DENIED as unnecessary. See 28 U.S.C. § 2253(c)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robertson also seeks leave to proceed in forma pauperis (IFP) on appeal. He is effectively challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

In state court, Robertson was convicted of bank robbery, and his conviction had been affirmed on direct appeal. His notice of removal was untimely. See 28 U.S.C. § 1446(c)(1). Moreover, as Robertson did not allege that a specific federal law protects the criminal conduct with which he was charged, he has not shown that removal of the criminal action was appropriate under § 1443. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966).

Because Robertson has failed to show that his case presented nonfrivolous issues for appeal, we uphold the district court's order certifying that the appeal is not taken in good faith. Robertson's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.